UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A. G.V. (A#218-102-346),[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06356-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The record demonstrates that Petitioner is a native and citizen of Guatemala who entered the United States on or about April 2005 without being inspected by immigration officials. ECF No. 1 at 5; ECF No. 7-2. While living in the United States, Petitioner applied for asylum in 2007 and was issued a work permit. ECF No. 1 at 6; ECF No. 7-1 at 1 (indicating Petitioner's valid Social Security Number). He lawfully worked in this country and paid taxes while raising two children who are U.S. citizens, although one passed away. ECF No. 1 at 5-6.

[1] The undersigned grants Petitioner's request to proceed using his initials. ECF No. 1 at 2. The Clerk of Court shall update the docket to reflect this change.

Petitioner was detained by Immigration and Customs Enforcement on June 2, 2026 after completing a sentence for driving without a valid license, and issued a Notice to Appear in immigration court for being present without being admitted or paroled into this country. ECF No. 1; ECF No. 7-2 (NTA charging removability based on Immigration and Nationality Act Section 212(a)(6)(A)(i)); ECF No. 7-3 at 6. He remains in immigration custody at the California City Detention Facility located in this judicial district. ECF No. 1 at 2. Petitioner asserts that his detention without a bond hearing violates the Fifth Amendment due process clause. ECF No. 1. By way of relief, Petitioner seeks immediate release or, in the alternative, a bond hearing before an immigration judge. ECF No. 1 at 13.

Respondent acknowledges that in light of Rodriguez Vazquez v. Bostock et al., 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is therefore entitled to a custody redetermination hearing before an immigration judge. ECF No. 7.

In light of Petitioner's pending asylum application and valid Social Security number reflected on his I-213, it is apparent that Petitioner had prior interaction with immigration officials prior to May 2026, and that such immigration officials made an implicit or explicit determination that he was not a danger or flight risk thereby allowing him to remain at liberty in the community.

**II. Analysis**

Although Respondent now concedes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody redetermination hearing before an immigration judge, that does not resolve the issue in this case. Liberally construing Petitioner's pro se pleading, as this Court is required to do, Petitioner raises a due process challenge to his detention without affording him any pre-deprivation hearing. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (requiring liberal construction of pro se habeas filings). Based on the record in this case, Petitioner has a protected liberty interest in remaining free from custody based on his twenty-plus years of liberty in the community and the government's decision not to detain him since 2007, when he applied for asylum. See Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026).

////

Respondent's answer ignored the pendency of Petitioner's asylum application as well as his valid work authorization at the time of his arrest. Based on "sanctioning his continued presence in the United States by granting and renewing his employment authorization, the government vested in Petitioner a liberty interest in his continued freedom." Gagik T., 2026 WL 1837413 at *3.

Having determined that Petitioner had a protected liberty interest, the question remains what process is due based on that interest. The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to answer this question.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for over twenty years before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty."). Here, "the Government ha[s] made a decision not to detain" a non-citizen "in the first place" after the filing of an application for immigration benefits, "this decision vest[s] the same liberty interest as a prior detention and release." Gagik T., 2026 WL 1837413, at *3 (quoting Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026)); see also id. (finding that this "course of conduct" by the government "reflect[s] a sustained decision to permit Petitioner's liberty").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in petitioner's favor. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC); 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); A.E. v. Andrews, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (stating that "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Petitioner has been detained

without any individual determination that such detention is necessary based on any risk of danger to the community or flight risk, despite being statutorily entitled to such process.[2] He has a single misdemeanor conviction and there is no evidence in the record that he would present any particularized risk of flight while being the sole source of support for his U.S. citizen child. Under these circumstances, a predeprivation hearing before a neutral decisionmaker would have significant value in determining whether petitioner's detention is necessary. Thus, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation hearing prior to detaining him (or to provide any custodial process after his arrest and detention). Respondent points to no reason a pre-deprivation hearing could not be held in this case.

[2] "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)). Petitioner did not receive any of this process upon his detention in June 2026, apparently based on Respondent's erroneous position that he is subject to mandatory detention under § 1225(b).

Accordingly, Petitioner's § 2241 application should be granted based on the procedural due process claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner M.A. G.V. (A#218-102-346) from custody.

3. At the time of release, Respondent shall return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with a copy of any release order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide him with a hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE